E-FILED
Thursday, 10 January, 2008  02:20:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | Bankr. No. 06-80111 |
| VITA CORP., ) | |
| ) | Dist. Court No. 07-4014 |
| Debtor. ) | |

ORDER

This matter is now before the Court on Appellant, Vita Corp.'s ("Vita"), Appeal from the Order of the Bankruptcy Court denying its Motion to Confirm the Plan. For the reasons stated herein, the decision of the Bankruptcy Court is AFFIRMED.

**Procedural Background**

On January 25, 2006, Vita commenced this bankruptcy case by filing a petition under Chapter 11 of the Bankruptcy Code. Following a hearing, the Bankruptcy Court for the Central District of Illinois, Peoria Division, entered an Order declining to confirm the plan. This appeal follows.

**Factual Background**

Vita operates an Old Chicago restaurant franchise in Peoria, Illinois. Vita filed a voluntary petition under Chapter 11, but continues to operate its business as a Debtor-in-Possession. The Plan of Reorganization creates nine classes of creditors, six of which are impaired in that their legal, equitable, or contractual rights have been altered under the Plan. 11 U.S.C. §1124. Of the six classes of impaired creditors, three classes cast ballots to affirmatively accept the plan, while the other three classes (Classes V, VII, and IX) did not cast a ballot to accept or reject the proposed Plan.

After receiving no ballots rejecting the Plan, Vita filed a Motion to Confirm the Plan. The only objections to the Motion that were received had nothing to do with the issue in this appeal. During the hearing on the Motion to Confirm, the Bankruptcy Court raised its concern that the Plan could not be confirmed because the requirements of 11 U.S.C. §1129(a) had not been met. Specifically, the Bankruptcy Court questioned whether the failure of any of the class members in Classes V, VII and IX to cast any ballot was considered acceptance of the Plan by the class pursuant to 11 U.S.C. §1126(c). This question was briefed, and the Bankruptcy Court subsequently issued an Order and Opinion denying the Motion to Confirm the Plan for failure to satisfy the requirements of §1129(a). Vita appealed, arguing that the classes of impaired creditors that failed to return ballots either accepting or rejecting its Plan are deemed to have accepted the Plan for purposes of confirmation.

## Jurisdiction and Standard of Review

This Court has jurisdiction to review the decision of the Bankruptcy Judge pursuant to 28 U.S.C. § 158(a). District courts are to apply a dual standard of review when considering a bankruptcy appeal. The findings of fact of the Bankruptcy Judge are reviewed for clear error, while the conclusions of law are reviewed *de novo*. In re Smith, 286 F.3d 461, 465 (7th Cir. 2002); In re Yonikus, 996 F.2d 866, 868 (7th Cir. 1993); In re Ebbler Furniture and Appliances, Inc., 804 F.2d 87, 89 (7th Cir. 1986); see also, Bankruptcy Rule 8013 (West 1995).

## Discussion

Confirmation of a proposed plan of reorganization under Chapter 11 is governed by §1129. In order to obtain a consensual confirmation, the Debtor must satisfy each requirement of § 1129(a), which provides in relevant part:

> The court shall confirm a plan only if all of the following requirements are met: . . . (7) With respect to each impaired class of claims or interests (A) each holder of a claim or interest of such class (i) has accepted the plan; or (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date . . . . (8) With respect to each class of claims or interests (A) such class has accepted the plan; or (B) such class is not impaired under the plan.

*See also*, In re Armstrong World Industries, Inc., 432 F.3d 507, 511 (3rd Cir. 2005).

During the hearing on the Motion to Confirm, the Court raised the issue of whether §1129(a)(8) had been satisfied because the three classes of impaired claims had not cast ballots to accept the proposed Plan. Vita cited In re Ruti-Sweetwater, Inc., 836 F.2d 1263 (10th Cir. 1988), In re Campbell, 89 B.R. 187 (Bankr. N.D.Fla. 1988), and In re Adelphia Communications Corp., 2007 Bankr. LEXIS 890 (Bankr. S.D.N.Y. Jan. 3, 2007), for the proposition that a non-voting class is deemed to have accepted the plan. In Ruti-Sweetwater, the Tenth Circuit found that refusing to deem the failure of an impaired class to vote to be acceptance of the plan "would be to endorse the proposition that a creditor may sit idly by, not participate in any manner in the formulation and adoption of a plan in reorganization and thereafter, subsequent to the adoption of the plan, raise a challenge to the plan for the first time." 836 F.2d at 1266. Such an

approach "would effectively place all reorganization plans at risk in terms of reliance and finality." Id.

The Bankruptcy Court acknowledged the existence of a split of authority on this question and the lack of any binding precedent in the Seventh Circuit before going on to cite the line of cases holding that a non-voting class is not deemed to have accepted the plan. See In re Eagle-Picher Industries, Inc., 203 B.R. 256 (S.D.Ohio 1996); In re Westwood Plaza Apartments, Ltd., 192 B.R. 693 (E.D.Tex. 1996); In re M. Long Arabians, 103 B.R. 211 (9th Cir. 1989); In re Smith, 2006 WL 3627298 (Bankr.M.D.N.C. 2006); In re Jim Beck, Inc., 207 B.R. 1010 (Bankr. W.D.Va. 1997); In re Higgins Slacks Company, 178 B.R. 853 (Bankr. N.D. Ala. 1995); In re 7th Street and Beardsley Partnership, 181 B.R. 426 (Bankr. D.Ariz. 1994); In re Adkisson Village Apartments of Bradley County, Ltd., 133 B.R. 923 (Bankr. S.D.Ohio 1991); In re Friese, 103 B.R. 90 (Bankr. S.D.N.Y. 1989); In re Townco Realty, Inc., 81 B.R. 707 (Bankr. S.D.Fla. 1987).

Pursuant to 11 U.S.C. §1126, a class of claims has accepted a plan "if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan." 11 U.S.C. §1126(c). The Bankruptcy Court noted that this provision plainly requires each creditor to affirmatively accept the plan in order to constitute acceptance. See Higgins Pants, 178 B.R. at 856.

In Friese, the Bankruptcy Court cited Townco Realty, in support of its conclusion that a court "cannot deem an impaired class to have accepted a plan if no creditors in

that class have voted." 103 B.R. at 92. That court distinguished Ruti-Sweetwater, noting that that case involved a very complicated plan with 83 separate classes of creditors in which a single creditor class objected to having been deemed to have consented by failing to cast a ballot, and went on to hold that "where the class fails to vote it should not be deemed to accept the plan, but the plan may nontheless be subject to confirmation pursuant to the so-called 'cramdown' provisions of section 1129(b)." Id. This sentiment was echoed in Higgins Pants, where the court observed that Ruti-Sweetwater represented a "case of the tail wagging the dog," as the plan at issue involved hundreds of claims and millions of dollars, and the Tenth Circuit clearly wanted the confirmation of the plan to stand. 178 B.R. at 856.

Courts in this line of cases have employed an analysis of the Bankruptcy Code and Rules, focusing on Rule 3018(c) of the Federal Rules of Bankruptcy Procedure, which provides that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form." Higgins Pants, 178 B.R. at 856; Townco Realty, 81 B.R. at 708. The requirement for an affirmative writing is in sharp contrast to other provisions of the Code, during which the failure to act is expressly deemed an acceptance. *See* 11 U.S.C. §1111(a) (deeming creditors' claims to be filed when scheduled by the debtor); §1126(f) (deeming an unimpaired class to have accepted without voting).

In Higgins Pants, the court concluded that § 1126(c) requires an active acceptance. 178 B.R. at 856.

> If a creditor does not cast a ballot, the amount owed to that
> creditor, and the creditor as a member of the class, is not

- 5 -

> included in the computation of whether the class accepted the plan. The Senate Committee comment to this section makes this clear, "[t]he amount and number are computed on the basis of claims actualy voted for or against the plan, not as under chapter X on the basis of the allowed claims in the class."

Id. Furthermore, the Code provides an alternative means of obtaining confirmation where a class of impaired creditors does not case a ballot in the cramdown provisions of § 1139(b) that allows confirmation in any event where the court finds that the plan is fair and equitable and addresses the policy concerns raised in Ruti-Sweetwater. Id. at 857. This alternate provision would appear to be unnecessary if courts were to presume that non-voting impaired class members had accepted the proposed plan.

> Section 1129(a) provides the elements a plan proponent is required to establish in order to have a plan confirmed. One element is subsection 8 which requires each impaired class to accept the plan. Section 1126 and Fed.R.BankP. 3018 provide the definition and requirements for acceptance of a plan of reorganization. If a plan proponent fails to prove compliance with §1126 and Fed.R.Bank.P. 3018, he fails to meet the burden of proof required by §1129(a). Section 1129(b) provides a remedy when all of the elements of § 1129(a) are met except for §1129(a)(8). Congress established these precise requirements and they cannot be ignored by a court. A court becomes a legislative body and implements policy when it ignores the Code and the implementing rules of procedure.

Id.

After careful consideration of the case law and the well-reasoned Opinion of the Bankruptcy Court, the Court agrees that the Code and Rule based analysis in this line of cases is far more persuasive than the apparently result-oriented holding in Ruti-Sweetwater, and believes that the Seventh Circuit Court of Appeals would reach this

same conclusion when squarely confronted with this issue.  The Court therefore finds that the Bankruptcy Court did not err in denying the Motion to Confirm in this case.

## Conclusion

For the reasons stated herein, the Order of the Bankruptcy Court is AFFIRMED. This matter is now TERMINATED.

ENTERED this 10th day of January, 2008.

                          s/ Michael M. Mihm
                          Michael M. Mihm
                          United States District Judge